UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELA ATHERLEY HERNANDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSOCIATES ASSETS MANAGEMENT, ) <br> LLC, ) <br> ) <br> Defendant. ) <br> ) | 2:09-cv-2269-LRH-RJJ <br><br> ORDER |

Before the court is defendant Associates Asset Management, LLC's ("AAM") motion for summary judgment filed on May 13, 2010. Doc. #14.[1] Plaintiff Angela Atherley Hernandez ("Hernandez") did not file an opposition to the motion.

**I.    Facts and Background**

On or around March 15, 2007, Hernandez entered into a consumer credit transaction with non-party Lenders First Choice. Hernandez was provided a loan that was backed by a security interest in her home. The loan was sold by Lenders First Choice to AAM.

Hernandez did not repay her loan and AAM attempted to exercise its security interest. Subsequently, Hernandez sent AAM a letter of rescission dated October 29, 2009. AAM did not accept the notice of recision. In response, Hernandez filed a complaint against AAM for a violation

---

[1] Refers to the court's docket number.

of the Truth in Lending Act ("TILA") alleging that AAM provided Hernandez a blank right of recision without an expiration date. Thereafter, AAM filed the present motion for summary judgment to which Hernandez did not reply. Doc. #14.

**II.     Legal Standard**

    **A.  Failure to Respond**

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Hernandez' failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). A moving party must still meet its affirmative duty under Rule 56 to demonstrate that it is entitled to judgment as a matter of law. *Id*. Thus, the absence of an opposition does not change defendants' burden of proof, and the court will consider defendants' motion on the merits.

    **B.  Summary Judgment**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.  Discussion**

Hernandez initiated the present action arguing that AAM violated the Truth in Lending Act ("TILA") by providing her with a blank notice of recision and then refusing to rescind the transaction after Hernandez sent her October 2009 letter, two years after the transaction was undertaken. Doc. #1, Exhibit A.

However, the undisputed evidence is that AAM provided Hernandez with a properly documented and dated right of recision stating that Hernandez only had until March 24, 2007, to rescind the transaction. Doc. #14, Exhibit 4. Further, the right of recision was signed and initialed by Hernandez. *Id*. Accordingly, the court finds that AAM is entitled to judgment as a matter of law that it did not violate TILA because it provided Hernandez with a proper and complete right of recision notice.

\\\

\\\

\\\

3

1  IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #14)
2  is GRANTED.
3  IT IS FURTHER ORDERED that the clerk of court shall enter judgment appropriately.
4  IT IS SO ORDERED.
5  DATED this 21st day of June, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4